Felix J. Aulisi, J.
This is an action for declaratory judgment to determine that lots 2 and 3 in the Hovey Development owned by the defendant corporation are subject to a restriction against commercial use and that the lien of the mortgage on said *275 lots held by the defendant, D. Frank Sullivan, is subject to said restriction.
On June 29, 1927 there was filed in the office of the Warren County Clerk a map entitled “ Map of lands of Fred J. Hovey, Town of Queensbury, Warren Co., N. Y., dated August 27, 1926 ”. This tract of land is located on the east side of U. S. Eoute No. 9 and immediately north of the city line of the City of Glens Falls. A portion of it was divided into 120 lots each measuring about 100 feet front and rear, and 150 feet in depth, and at the southerly end of the plot a street named Fort Amherst Eoad was laid out extending easterly from Glen Street (U. S. Eoute No. 9). Other unnamed streets were shown on the map and of the 120 lots only three, numbers 1, 2 and 3, fronted on Glen Street.
The development was made by Fred J. Hovey who in 1935 conveyed the premises to the defendant corporation of which he was president and sole stockholder. Upon Mr. Hovey’s death in 1950, his daughter and only distributee, Caroline Hovey Pierce, became the sole owner of the stock.
During his lifetime, Mr. Hovey laid out and opened Fort Amherst Eoad and Garrison Eoad. He built concrete curbs along those streets and concrete sidewalks, set out trees, shrubbery and a hedge. He also built an ornamental lighting system on the said streets and for many years maintained it at his own expense. A drainage system was also built along Fort Amherst Eoad and Garrison Eoad.
Of the original 120 lots on said map, only two of them, lots 2 and 3 which are the subject of this action, remain unsold and of the 36 deeds which were given to convey said lots only one, plaintiff’s Exhibit No. 6 conveying a triangular piece in the rear of lot number 4, did not contain a restriction against commercial use either expressly or by reference to other deeds.
The plaintiffs in this action are the owners of 10 lots each of which is subject to said restriction.
It is argued by the defendants that there is not now and never has been any uniform plan or scheme of restrictions applicable to the Hovey Development and further that the character of the neighborhood has been changed so that to enforce lots 2 and 3 to a limited use would work an oppression on the defendants and would be inequitable.
From a consideration of the evidence, I am of the opinion that I cannot agree with the defendants. Counsel for both sides have submitted briefs which have been helpful to the court but as it is so often the case, there are no twins in lawsuits and each must be decided upon the facts which it presents.
*276 Here we find that although through the years the dimensions of the lots and the courses of the streets were changed and that some of the restrictions in each deed were not always the same, and that the language in the prohibition against commercial use differed, there is no doubt in my mind but that the owner of the plot intended that the premises should be used for residential purposes only because every single deed, excepting the one for the triangular piece above mentioned, contained the restriction against commercial use expressly or by reference to other deeds in which it is expressly contained.
I find, therefore, that it was the intention of the grantor that the restriction against commercial use should apply to the lands remaining in his possession.
Up until now, not a single structure has been erected on any of the lots in the Hovey Development which is being used for business purposes. The only buildings are a number of beautiful and costly residences. I find that to allow lots 2 and 3 to be used for commercial purposes would definitely decrease the value of those residences.
The evidence discloses that business structures which house automobile sales agencies have been erected on the west side of Glen Street across from lots 2 and 3 but the Hovey Development is entirely on the east side of Glen Street and its owners never have had any control of properties on the west side of said street. No doubt a greater price can be obtained for the two lots if they could be sold for commercial purposes but its owners have had the benefit of selling all of the other lots in the development at whatever higher prices the purchasers were willing to pay in order to live in a residential section.
I cannot help but to conclude that to remove the restriction against commercial use would be inequitable to those who have already erected high-class residences and to others who may have paid a higher price for the lots and who likewise may intend to build costly homes.
I also find that the defendant, D. Frank Sullivan, is bound by the restriction against the commercial use of said lots for the reason that his mortgage specifically referred to the fact that said lots were conveyed subject “to certain covenants and restrictions ” and, therefore, he was put on notice.
In conclusion, I therefore, direct judgment in favor of the plaintiffs for the relief demanded in the complaint and that same may be settled on notice.